PATRICK H. DEWEY *vs.* THOMAS DOLAN.

Franklin. September 19. — 21, 1876. COLT & MORTON, JJ., absent.

The repeal of the St. of 1869, *c.* 415, by the St. of 1875, *c.* 99, is no bar to the recovery of money paid for intoxicating liquors while the former act was in force, although the action is brought after its repeal.

CONTRACT for the price of a quantity of hop beer sold by the plaintiff to the defendant in 1875, before the enactment of the St. of 1875, *c.* 99, regulating the sale of intoxicating liquors. Writ dated September 9, 1875, which was after the above mentioned act took effect. Answer, a general denial, and that the beer was intoxicating, and the sale thereof unlawful.

The defendant also filed a declaration in set-off, to recover back the price paid by him for liquors alleged to be intoxicating bought of the plaintiff in 1875, and while the St. of 1869, *c.* 415, was in force.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff requested the judge to rule that the St. of 1875, *c.* 99, repealed the St. of 1869, *c.* 415 and that the claim in set-off was barred thereby; but, it being admitted that the payments in the account in set-off were made prior to the passage of the St. of

1875, the judge ruled that the repeal was not a bar to the claim in set-off.

The jury found for the defendant on his account in set-off and also upon the other part of the case; and the plaintiff alleged exceptions.

*C. G. Delano*, for the plaintiff.

*F. G. Fessenden*, for the defendant.

By the Court. The St. of 1869, *c.* 415, § 63, did not provide a remedy to recover a penalty or forfeiture, but prevented money paid for intoxicating liquors sold in violation of law from becoming the property of the seller. Such money therefore remained the property of the purchaser, his right to recover it depended upon the common law, and neither his property nor his right of action was affected by the repeal of the statute. The case is governed by *Adams* v. *Goodnow*, 101 Mass. 81.

*Exceptions overruled.*