JAMES ROOSEVELT *vs.* MICHAEL DOHERTY.

Suffolk. Nov. 18, 1878. — Sept. 7, 1880. COLT & MORTON, JJ., absent.

If a factor, under an entire contract for a gross sum, sells goods, some of which belong to himself and some to his principal, the principal cannot maintain an action against the purchaser for the value of his goods.

CONTRACT to recover the price of plate glass sold and delivered to the defendant. Trial in the Superior Court, before *Pitman*, J., who directed a verdict for the defendant, and reported the case for the determination of this court. If the plaintiff could maintain the action, a new trial was to be ordered; otherwise, judgment on the verdict. The facts appear in the opinion.

*R. Gray & H. W. Swift*, for the plaintiff.

*F. S. Hesseltine*, for the defendant.

ENDICOTT, J. It appears from the report that the firm of Hills, Turner & Harmon were importers of and dealers in window and plate glass, and they made a contract in writing with the defendant to furnish the glass for a building, which he was about to erect in Boston, according to the specifications furnished by the architect, for the gross sum of $688 in cash. The contract describes the quality and dimensions of the glass to be furnished, and the number of lights of each quality. Hills, Turner & Harmon were the selling agents for the plaintiff, in Boston, for plate glass, and the first four items of glass to be furnished, as specified in the contract, were plate glass, and belonged to the plaintiff, having been consigned to the firm for sale. The remainder of the glass was furnished by the firm. The defendant had no knowledge that any of the glass belonged to the plaintiff.

We can have no doubt that, as between the firm and the defendant, this was an entire contract; it was to furnish the glass for the building for a specified sum of money. There was no price named in the contract for the several kinds and qualities of glass to be furnished; and it is immaterial that the quality of the several kinds of glass to be furnished was specified. The consideration being entire, there could be no distinct apportionment of the consideration between the different qualities of glass furnished. There were not two contracts, one for plate glass, and the other for glass of different qualities, but one contract for all the glass thus furnished to the building. *Clark* v. *Baker*, 5 Met. 452. The firm could not recover for any portion of the glass, but only on the entire contract, by which all the glass passed to the defendant. And the question to be considered here is, whether the plaintiff, as an undisclosed principal, can maintain an action against the defendant to recover the value of the plate glass belonging to him, included in the entire contract. We are of opinion that he cannot.

It is too well settled to require the citation of many authorities, that an undisclosed principal, whose goods are sold by a factor, may sue the purchaser for the price; and where the contract of sale is in writing, and made in the name of the factor, he may bring an action upon it. A sale by his agent is a sale by him. *Lerned* v. *Johns*, 9 Allen, 419, and cases cited.

In the case at bar, it does not appear that any instructions were given by the plaintiff in regard to the pri t, manner, or terms of sale of his goods. The factors therefore had the right to sell in such manner as would best promote the interests of their principal; and it is to be presumed that the plaintiff understood that they would sell according to the usual course of dealing in Boston, when goods are consigned to a factor for sale, *Dwight* v. *Whitney*, 15 Pick. 179. That a factor may sell on credit, and take a note in his own name from the purchaser, and if he uses due diligence he is not responsible, in case of loss by reason of the purchaser's failure, was settled in an early case. A factor also may, and often does, sell the goods of different principals in one sale, and has authority to take a note for the whole sum from the purchaser, and may hold the note for the benefit of his principals. *Goodenow* v. *Tyler*, 7 Mass. 36. *Chesterfield Manuf. Co.* v. *Dehon*, 5 Pick. 7. *West Boylston Manuf. Co.* v. *Searle*, 15 Pick. 225. *Hapgood* v. *Batcheller*, 4 Met. 573. *Hamilton* v. *Cunningham*, 2 Brock. 350. *Corlies* v. *Cumming*, 6 Cowen, 181. Beawes Lex Merc. (5th ed.) 45.

In *West Boylston Manuf. Co.* v. *Searle, ubi supra*, a factor sold the goods of two consignors in one sale, and took the note of the purchaser; and it was held that it operated as payment; that the factor had power to release it; and, although he afterwards indorsed it to one of the consignors, that no action could be maintained on the note by the indorsee; and the court said, " The factors having an unquestioned authority to take a negotiable note in their own name, and thereupon to cancel and discharge the simple contract debt, the note was rightly taken, and whether it was rightly held and retained by the factors as their own, or otherwise appropriated, was a question merely between them and their employers."

So a factor may sell his own goods with those of his principal, and take a note which includes the amount due for both, as in *Hapgood* v. *Batcheller*, 4 Met. 573. In that case it appears that the factors had sold goods of the plaintiff's and some of their own in one sale, and had taken a note from the purchaser which included the amount due for the plaintiff's goods and their own; and it was said by the court, that the sales by the defendant were made in the usual manner, and the terms of credit were

reasonable, and that the sales were at the risk of the principals. Accounts had been rendered to the plaintiff by the factors of the sale of the goods, a portion of the proceeds had been paid over, and the note in suit was given for the balance by the factors to the plaintiff. Before the note of the purchasers was due, they became insolvent, and it was held that, as a note for the balance of an account is only *prima facie* evidence of payment, the factors were not liable for so much of the note as included the debt of the insolvent purchaser. See also *Vail* v. *Durant*, 7 Allen, 408.

It is clear, therefore, that when a note is taken from a purchaser by a factor, for the sale of the goods of several consignors, or for the sale of the goods of one or more consignors and of the goods of the factor, one consignor cannot sue the purchaser for the value of his goods taken separately, although his goods were sold for a definite sum, capable of being ascertained, and which forms a distinct part of the consideration of the note. The note is payment for the whole, it is a contract which the factor had the right to make, and upon which alone the purchaser is liable. The principal is thus deprived of his direct remedy against the purchaser for the separate price of his goods.

In the case at bar, Hills, Turner & Harmon were importers of and dealers in glass, as well as selling agents for the plaintiff, and they could sell their own goods with those of the plaintiff, in the same manner as they could sell the goods of several principals together. Having authority to do this, and thus mingle the plaintiff's goods with their own, they may make an entire contract with the purchaser for the goods so mingled. And this contract being entire, the remedy, as against the purchaser, must be upon the contract itself. The character of the contract precludes the plaintiff from suing separately for the value of his glass, to the same extent as he would have been precluded if a note had been given by the defendant in payment for the goods sold to him under the written contract. And although an undisclosed principal may maintain an action in his own name against one who has purchased his goods through a factor, yet the purchaser is entitled to all the equities and defences he would have had if the action had been brought in the name of the factor, for the principal has permitted his factor

to act as the apparent principal in the transaction. *Huntington* v. *Knox*, 7 Cush. 371. *Barry* v. *Page*, 10 Gray, 398. *Locke* v. *Lewis*, 124 Mass. 1, 7, and cases cited.

No case has been cited, in the very elaborate argument for the plaintiff, in which such an action as this has been maintained; but it is argued that the plaintiff's position is sustained by the only two cases which bear upon this point. *Corlies* v. *Cumming*, 6 Cowen, 181. *West Boylston Manuf. Co.* v. *Searle*, 15 Pick. 225.

The case of *Corlies* v. *Cumming* is clearly distinguishable. There a factor sold cheese of one of his consignors on a credit of ninety days for a definite and distinct sum, and at the same time sold to the same purchaser cheese belonging to another consignor, and took from the purchaser a note payable to himself for both. As the note by the law of New York was not a payment, it was held that the factor had not made himself liable, for the principal might sue the purchaser for the price of his cheeses, which could be clearly ascertained, in the same manner as he might have done if no note had been taken.

A dictum of Chief Justice Shaw in *West Boylston Manuf. Co.* v. *Searle* is relied on by the plaintiff. "If," he says, "the principal is in a condition to declare on a contract for goods sold, treating the note as a nullity, or as a mere collateral security, not amounting to payment, he might probably recover in his own name." This, as a general proposition, may be correct, but as by our law a promissory note is *prima facie* payment, the principal cannot recover for goods sold, where such a note has been given in payment for his goods.

We are therefore of opinion that the presiding judge correctly ruled that the contract made by the defendant was an entire contract for a gross sum; and that the plaintiff had no right to sever the same and maintain an action in his own name, and subject the defendant to a separate suit for the value of the plate glass belonging to him and included in the contract of sale. *Judgment on the verdict.*