## MICHAEL GORMAN *vs.* PATRICK KEOUGH.

### PROVIDENCE—APRIL 13, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Illegal Contracts.   Intoxicating Liquors.*

An action to recover rent for the use of premises will not lie where the lessor knows that the lessee is using the premises for the illegal sale of liquor and furnishes the lessee with liquor to be sold illegally on said premises. It is within the prohibition of Gen. Laws R. I. cap. 102, §§ 7 and 61.

(2) *Set-off.   Intoxicating Liquors.*

A plea in set-off filed to recover moneys paid the plaintiff for liquors bought of him for illegal sale, under the provisions of Gen. Laws R. I. cap. 102, § 60, is admissible under Gen. Laws R. I. cap. 239, §§ 10 and 11, in an action founded on a demand which could itself be set off.

(3) *Right to Recover Money paid in Violation of Law.   In pari delicto.*

A party is not prevented, under Gen. Laws R. I. cap. 102, § 60, from recovering moneys paid for liquors sold him in violation of law because *in pari delicto*, the intent of the statute being to give him a right of action and thereby exonerate him with reference to the vendor.

The history of Gen. Laws R. I. cap. 239, §§ 10 and 11, of set-off, discussed.

ASSUMPSIT on count for rent.   The facts are stated in the opinion.   Heard on petition of defendant for new trial, and new trial granted.

STINESS, J.   The plaintiff sues for rent, and the defendant sets up that the premises were hired for the illegal sale of liquors, not only with the knowledge of the plaintiff but with the further agreement that the defendant was to buy all his liquors of the plaintiff, who was to protect him in his selling and furnish bail for him if he should be arrested. The defendant also pleaded in set-off an account for money paid to the plaintiff for liquors bought of him through several years for illegal sale.   The jury found for the plaintiff, and the case is before us on exceptions to rulings and the exclusion of the plea in set-off.

The defendant requested the judge to charge the jury, "That if Mr. Gorman knew that Mr. Keough was selling liquor there, and that Mr. Gorman furnished him with liquor there, knowing that he was to sell this liquor illegally, that under these circumstances he cannot recover."   The request was refused.

(1)   Gen. Laws R. I. cap. 102, § 7, is explicit upon this point. It provides that no person holding a license shall sell liquors to an unlicensed dealer, having reason to believe that the same are to be resold; and section 61 provides that no action shall be maintained for liquors sold in violation of law.   The defendant was therefore entitled to the charge requested.

(2)   The defendant also filed a plea in set-off, claiming the right to recover, under section 60, all sums which he had paid to the plaintiff for liquors illegally sold.   The section provides that all such payments shall be held to have been received "without consideration and against equity and good conscience."   The plea of set-off was ruled out.   Two questions arise on this ruling: *First*, whether the plea is admissible under the statute; and *second*, whether it is objectionable on the ground that the defendant is *pari delicto*.

The plaintiff claims that under Gen. Laws, cap. 239, §§ 10 and 11, a set-off can only be allowed in actions on account stated, *quantum meruit*, *quantum valebat*, or for goods sold or work done at an agreed price.

While section 10 relates only to set-off in the cases there

mentioned, section 11 is in the broadest terms: "If *any* defendant shall have a demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation . . . he may set off the same in *any* action founded on any demand which could itself be set off."

The plaintiff argues that section 11 is limited by section 10, and that it only relates to *any* defendant and *any* action as specified in section 10, which gives the right of set-off.

The sections seem to be somewhat contrary, but, taken in their historical sequence, their meaning is plain.

Section 10 had its origin in the "Act prescribing the Manner of proceeding in Courts," in the digest of 1798, page 164. Section 8 of that act first provided that, in an action on book-account, the plaintiff should annex to his declaration a copy of his account. This is now section 9 of Gen. Laws, cap. 239. The section then went on to say that the defendant in such case, and in *quantum meruit*, &c., might file any account he had with his plea. This is now section 10 of Gen. Laws, cap. 239. In the digest of 1844, page 125, section 6 of the revised act of proceedings in court has the former section 8, and then follows the enlargement of the remedy as it has since existed and now appears in Gen. Laws, cap. 239, § 11.

When the two provisions stood as one section, it was clear that the first simply said that a plaintiff must file his account with his declaration, and that the defendant might file his account with his plea. The provision related solely to actions for goods and service, because they would naturally be founded on accounts. Then, when the addition was made in 1844, instead of recasting the section the first part was allowed to stand as a sufficient form of pleading for accounts, but the added part expressly gave to any defendant in any action founded on a demand which could itself be set off, a right to set off his demand against the plaintiff, founded on a judgment or contract, express or implied, if the sum was liquidated or ascertained by calculation, by filing a statement of the demand with as much certainty as in a declaration. It thus appears that there was no limitation of set-off to actions

on accounts, but a provision that accounts in set-off should be filed and that other demands in set-off should be stated fully, as in a declaration. In subsequent digests these provisions have been split up into sections, thus causing a few words to be added, and hence the connection has been somewhat weakened. It is clear, however, that section 10 was the first step in giving set-off and that section 11 was the general extension of the remedy. Hence the plea in this case was admissible. Such a construction of the statute has been recognized in *Bell* v. *Ward*, 10 R. I. 503 ; *Nightingale* v. *Chafee*, 11 R. I. 609.

(3)   As to the objection that the defendant could not plead in set-off because of his part in the illegal act, the statute is intended to give him a right of action, and thereby to exonerate him with reference to the plaintiff. It does not say that the payments shall be held to be upon an *illegal* consideration, but *without* consideration. Its evident purpose is to give a right to somebody to recover them back, for that is the natural inference from declaring payments to be "without consideration and against equity and good conscience." If they cannot be recovered by the purchaser, the only other effect which can be given to the words would be to say that they give a right to creditors of the purchaser to recover the money by garnishment. But one is not generally liable to a plaintiff in attachment when he would not be liable to the defendant, and it is quite improbable that the statute would have been passed simply to give an independent right of attachment.

The statute has been understood to give a right to recover back money paid for liquors illegally sold, as an additional check upon illegal sales. Such was the construction in *Mc-Guinness* v. *Bligh*, 11 R. I. 94, where the distinction is pointed out between a recovery under the statute and a suit upon a contract to which, at common law, illegality would be a defence. See also *Walan* v. *Kerby*, 99 Mass. 1 ; *Adams* v. *Goodnow*, 101 Mass. 81 ; *Dewey* v. *Dolan*, 121 Mass. 9.

The claim in set-off was not barred by illegality; it related

to a sum liquidated or capable of calculation, as it was for specific sums paid; it was set up in an action founded on a demand which could itself be set-off, the action being for use and occupation under a stipulated rent ; and, consequently, it was a proper claim in set-off, and should have been allowed.

Petition for new trial granted, and case remitted.

*Patrick J. McCarthy and Edwards & Angell*, for plaintiff.

*John M. Brennan and Dennis J. Holland*, for defendant.