H. Midwood's Sons Co. *v.* Alaska–Portland Packers' Association.

MAY 22, 1907.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Undisclosed Principal.   Severable Contracts.*

Plaintiff through his broker contracted with defendant for delivery of certain carloads of salmon.   The broker, having orders from others, "lumped" the orders and made one contract with defendant.   Defendant agreed with broker to ship various carload lots to the customers of the broker, and draw direct for such shipments.

*Held,* that the arrangements relating to the shipping of certain cars to plaintiff and the drafts drawn direct upon plaintiff did not constitute a novation, or substitution of the original contract, but were simply for the accommodation of the parties; and plaintiff not being the sole party in interest, and the contract not being severable, plaintiff could not sue defendant as an undisclosed principal.

Assumpsit.   Heard on exceptions of plaintiff, and overruled.

Parkhurst, J.   This is an action brought to recover damages for breach of a contract claimed by the plaintiffs to have been made by the defendant corporation to deliver to the plaintiffs three carloads of Red Alaska Salmon.   The three carloads were shipped to the plaintiffs, and the plaintiffs rejected them and then brought suit for failure to deliver salmon that was "of a reasonably good and merchantable quality and condition and reasonably well and merchantably and properly packed."

The plaintiffs claim that the contract under which they assert the right to maintain this action is to be arrived at by a consideration of the contract set forth below and various letters and telegrams hereinafter referred to.

The formal contract is as follows:

"Salmon Contract

"(Signed in Duplicate).

"Portland, Oregon, May 22, 1905.

"Eastern Importing & Mfg. Co., of Boston, Mass.,

"Hereinafter called buyers, have this day bought of Alaska–Portland Packers' Association, hereinafter called seller have this day sold, as per terms, conditions, and price per dozen tins, hereinafter named: the following quantities of the Alaska–Portland Packers' Association, season of 1905.

"F. O. B. Portland, Oregon.

"Six thousand (6,000) cases Red Alaska Salmon at 2½ cents per dozen under the Alaska Packers' Association's opening price, part buyer's part seller's label, with $1.00 label allowance on buyer's label.

"Three thousand cases to be immediate shipment on arrival, balance 30 days, except one (1) car.

"The seller also gives option on additional 3,000 cases, same terms subject to immediate acceptance on naming of Association's opening price.

"Terms.

"Subject to pack and safe arrival in warehouse, Portland.

"If pack falls short of estimate, seller has option of reducing deliveries under this contract in proportion to salmon secured by seller and orders booked.

"Buyer to take delivery under this contract on arrival of herein salmon from Alaska, unless otherwise specified.

"Seller's responsibility ceases as to shortage, or loss, or damage in transit, on delivery of a clean bill of lading or shipping receipt.

"Seller guarantees only against blown, pierced and burst tins at cost price with freight added. All claims to be made within sixty days after arrival of goods at point of destination. If goods are ordered stored, buyers take delivery of same in warehouse in Portland, and if stored goods are not shipped

within sixty days from date of storing, examination and all claims are to be made then, which shall be final.

"No certificates of manufacture are to be furnished for the purpose of obtaining drawbacks of duty on any tin used in the manufacture of cans which may be exported.

"Terms of payment:

"Draft against bill of lading, less 1½ per cent. discount, less 5 per cent.

"EASTERN IMP. & MFG. CO.,<br>"By F. B. MILLIKEN, <em>Pres.</em>

"ALASKA–PORTLAND PACKERS' ASSOCIATION, Inc.,

"F. M. WARREN, JR., <em>Secty.</em>"

The Eastern Importing & Mfg. Co. was a corporation located in Boston, and in this matter was acting as the agent or broker for plaintiffs and several parties whose orders it took and agreed to fill, and "lumped" them all together in this single contract.

Under the above contract the defendant, knowing that the goods purchased were for account of several different parties, located in different cities and States in New England, agreed with the Eastern Importing & Mfg. Co. to ship various car-load lots to the customers of the Eastern Importing & Mfg. Co., and to draw direct upon such customers for such shipments, for the convenience of all parties concerned. Accordingly it did so ship and draw direct as to the goods involved in this suit. These arrangements were made by means of letters and telegrams with the Eastern Importing & Mfg. Co., and not with the plaintiffs in this case.

The plaintiffs claim that, by reason of this arrangement for direct shipment and draft, the defendant itself thereby severed and divided the contract, and as to the plaintiffs made a novation, releasing the Eastern Importing & Mfg. Co., the direct original contracting party, and looking to the plaintiffs instead for payment; and that thereby the plaintiffs became entitled to sue directly and the defendant became liable to

respond directly to the plaintiffs in damages for failure of proper delivery.

The Superior Court, sitting without a jury, did not so construe the contract and the relations of the parties; but decided that the plaintiffs could not maintain this action, inasmuch as there was no substitution or novation.

The plaintiffs duly excepted, and are now before this court on their bill of exceptions, alleging error in the above decisions.

We find no error in the decision of the Superior Court.

(1)   In the elaborate brief submitted by the plaintiffs on the question of their right to sue as undisclosed principals on the contract made by the defendant, we do not find, among the very long list of cases cited, any case in any way similar to the case at bar.   The cases sustaining the right of the undisclosed principal to sue on a contract are all cases where the undisclosed principal was the only party in actual beneficial interest under the contract, or were cases where the contract was clearly severable and equivalent to a series of separate and distinct contracts.

We do not find that the correspondence and arrangements made subsequent to the contract of May 22, 1905, relating to the shipping directions as to certain defined carload lots of salmon to these plaintiffs, and the drafts drawn direct upon the plaintiffs for the same, in any way constituted a novation or a substitution for the original contract, but that they were simply a convenience for the accommodation of the plaintiffs; the defendant did not thereby surrender its right to hold the Eastern Importing & Manufacturing Company liable under its contract of May 22, 1905, in case the plaintiffs had received the goods and refused to pay for them.

On the other hand we find that in cases of suit by an undisclosed principal upon a contract made by his agent for his benefit, a plain distinction is drawn between cases where the undisclosed principal is the sole party in interest (as in cases cited on plaintiffs' brief, where the undisclosed principal has the undoubted right to sue in his own name) and cases where there are several undisclosed principals under the contract

and their orders have been "lumped" by the factor or agent in making the contract. *Roosevelt* v. *Doherty*, 129 Mass. 301; *Beckhuson* v. *Hamblet*, 2 Q. B. D. (1900) 18, 24–25; *Mollett* v. *Robinson*, L. R. 7 C. P. 84, 107–108; *Robinson* v. *Mollett*, L. R. 7 H. L. 802, 820; *May* v. *Angell*, 13 Times L. R. 568, 569; 2 Clark & Skyles, "Law of Agency," p. 1158; *Cockley* v. *Brucker*, 54 Ohio St., 214, 227.

This distinction is pointedly shown in the case of *Anderson* v. *Beard*, 2 Q. B. D. (1900) 260, 266, where it appears that the undisclosed principal was the sole party in interest, and he was allowed to recover, the case being distinguished on that point from that of *Beckhuson* v. *Hamblet*, 2 Q. B. D. 18 (*supra*), which it cites with approval.

The plaintiffs' exceptions are overruled, and the case is remanded to the Superior Court for the entry of judgment upon the decision.

*Green, Hinckley & Allen*, for plaintiff.
*Geo. H. Huddy, Jr.*, for defendant.