WILSON CASE LUMBER CO. v. MOUNTAIN TIMBER CO. et al.

(District Court, W. D. Washington, S. D. January 27, 1913.)

No. 1,740.

PRINCIPAL AND AGENT (§ 183*)—CONTRACT MADE BY AGENT—ACTION BY PRINCIPAL FOR BREACH.

A corporation, whose property was sold by another corporation as its agent, together with property owned by the agent, where the agency was disclosed to the purchaser and a separate price agreed on for each property, may maintain an action on the contract to recover its own share of such price, and especially where the purchaser under the contract has acquired all of the capital stock of the agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 691–700; Dec. Dig. § 183.*]

At Law. Action by the Wilson Case Lumber Company against the Mountain Timber Company and the Willard Case Lumber Company. On demurrer to second amended complaint. Overruled.

For former opinion, see 200 Fed. 181.

Miller, Crass & Wilkinson, of Vancouver, Wash., and Fletcher & Evans, of Tacoma, Wash., for plaintiff.

E. C. Strode, of Portland, Or., A. H. Imus, of Kalama, Wash., and Coy Burnett, of Portland, Or., for defendant Mountain Timber Co.

CUSHMAN, District Judge. The right of the plaintiff to maintain a suit upon the contract now set out in plaintiff's second amended complaint has heretofore (November 6, 1912) been upheld by this court on consideration of a former complaint. Upon the defendant's demurrer to the present complaint, a reconsideration of that ruling is asked.

The contract is set out in the former opinion. By it the defendant Willard Case Lumber Company sold the defendant Mountain Timber Company certain property, including property which plaintiff alleges belonged to it, and in the sale of which it is alleged the Willard Case Lumber Company was acting for plaintiff, and that defendant Mountain Timber Company knew these facts, and knew that the consideration for the purchase of the property claimed by plaintiff should be paid the plaintiff. That part of the property so claimed to have been sold consisted of standing timber. It is provided in the contract that it should be paid for at the rate of $4 per thousand feet, stumpage.

Defendant Mountain Timber Company relies on the following authorities: Talcott v. Wabash R. R. Co., 159 N. Y. 461, 54 N. E. 1; Roosevelt v. Doherty, 129 Mass. 301, 37 Am. Rep. 356; Midwood Sons v. Alaska-Portland Packers' Ass'n, 28 R. I. 303, 67 Atl. 61, 13 Ann. Cas. 954; Tiffany on Agency (Hornbook Series) 306. The cases cited hold, in effect, that an undisclosed principal, whose goods have been mingled with those of a factor and sold for a gross sum, to be paid the latter, cannot maintain a separate suit for the value of his goods.

The complaint in this case alleges that plaintiff's interest in the contract was disclosed to the defendant, and that the sale price was not for a gross sum, but that the contract segregated the property claimed by plaintiff and fixed a price upon it, separate from the remaining property sold. The Willard Case Lumber Company, the agent in this sale, has been made a party defendant, all of its stock having been acquired by the Mountain Timber Company, the other defendant, thereby passing entirely into the control of the latter company, which fact would, in any event, obviate the requirement of a suit in the name of the former company, as much so as would fraud or collusion between the defendant companies.

Demurrer overruled.