HARVEY D. McGRAY *vs.* HENRY HORNBLOWER & others.

Suffolk. March 2, 16, 1936. — September 18, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Sale,* Of securities, Repudiation, Validity, What constitutes. *Sale of Securities Act. Statute,* Amendment. *Corporation,* Dividend. *Agency,* Undisclosed. *Evidence,* Presumptions and burden of proof. *Equity Jurisdiction,* Plaintiff's clean hands. *Fraud. Tender.*

A buyer's right at common law to avoid a sale of securities in 1929 in violation of G. L. c. 110A, as amended, was not affected by the substitution of a new c. 110A by St. 1932, c. 290, though said c. 290 had no clause saving rights already accrued.

The provisions of § 2 (d) of G. L. (Ter. Ed.) c. 110A, were applicable to a "sale" of stock "given" or "delivered with" "any other thing" even though such "other thing" was stock of a national bank exempt from the application of the act.

A sale as a unit of shares of a national bank and of its affiliate corporation was not excluded from the application of G. L. (Ter. Ed.) c. 110A by § 3 (k), as a distribution out of surplus or an issue of securities on a corporate reorganization.

A trier of facts could believe testimony of the defendant's witness even if it was more favorable to the plaintiff than the plaintiff's own testimony.

It was no defence to an action to recover the price paid for securities sold in violation of G. L. (Ter. Ed.) c. 110A to an undisclosed agent of the plaintiff, that the purchase was made in the name of the agent to defraud the plaintiff's creditors.

A tender, by a purchaser of shares of corporate stock sold in violation of G. L. (Ter. Ed.) c. 110A, of certificates, issued to him after the sale as representing the same stock as that purchased but in a form different from certificates received at the time of the purchase, was sufficient as a prerequisite to the purchaser's right to maintain an action for the purchase price.

CONTRACT. Writ in the Superior Court dated September 14, 1934.

The action was heard without a jury by *Weed,* J., who found for the plaintiff in the sum of $12,470. The defendants alleged exceptions.

*L. Withington,* (*E. C. Park* with him,) for the defendants.

*M. Gordon,* for the plaintiff.

*B. W. Warren,* by leave of court, submitted a brief as *amicus curiae.*

FIELD, J. This case is of the same general nature as the cases of *Commissioner of Banks* v. *Chase Securities Corp.* and *Brandegee* v. *Chase Securities Corp., ante,* 285. Following the trial together of these two cases the present case was tried in the Superior Court, by the same judge sitting without a jury, with the case of *Levin* v. *Hornblower, post,* 340, "counsel agreeing in said last two cases that such evidence as was admitted in the first two cases might be considered with respect to the last two cases so far as material." The defendants in the last two cases are partners having a usual place of business in Boston. The "Findings" filed by the trial judge described in the opinion in the cases just decided covered all four cases. Many of the specific findings are common to all cases and need not be restated. The judge, however, made specific findings applicable particularly to the present case and

found generally for the plaintiff. This case comes before us on the defendants' exceptions. Many of them raise the same questions of law as were considered in the other cases and were there decided adversely to the contentions of these defendants. We consider here other contentions made by them and not therein decided, either because inapplicable to the facts in those cases or not therein argued.

The original transaction in the present case was a sale in 1929 by the defendants to one Francis, acting at the request of the plaintiff, of "50 shares of Chase National Bank stock," and the delivery to said Francis of a Bankers Trust Company receipt representing fifty shares each of the stock of the Chase National Bank and of the Chase Securities Corporation. Payment was made by Francis from money belonging to the plaintiff. "On December 5, 1929 the receipt was transferred to McGray and December 7, 1929 a Bankers Trust receipt representing said shares was issued and delivered to McGray. On October 24, 1930 a 'unit' or 'duplex' certificate for 50 shares each of the Bank and of the Corporation was issued and delivered to McGray in place of the Bankers Trust receipt. On or about June 22, 1934 the 'unit' or 'duplex' certificate was surrendered and there was issued and delivered to McGray a certificate for 50 shares of the Bank and a separate certificate for 5 shares of the Amerex Holding Corporation. . . . At some time in August 1934 the plaintiff learned that a question had arisen as to a violation of the Sale of Securities Act by the defendants at the time the sale was made. On August 29, 1934, the plaintiff tendered the certificates for the 50 shares of the Bank and 5 shares Amerex Holding Corporation to the defendants together with $830 in cash to cover dividends that he had received between his purchase and ·tender and accrued interest thereon. The tender was refused."

1. The defendants' contention that the plaintiff's "right to avoid the purchase, if it existed, disappeared with the enactment of chapter 290 of the acts of 1932," cannot be sustained.

The statute in force at the time of the original transaction

was St. 1921, c. 499, § 1, which added to the General Laws a new chapter — c. 110A — and became effective August 26, 1921, with amendments thereto made prior to the time of the transaction. By St. 1932, c. 290, the General Laws were amended by striking out c. 110A and inserting a new chapter in place thereof. This statute contains no clause expressly saving rights which accrued under the prior law.

The nature of the plaintiff's remedy was stated in *Knee-land* v. *Emerton*, 280 Mass. 371, 378, quoting from *Morville* v. *American Tract Society*, 123 Mass. 129, 137, and citing numerous cases, as follows: "The plaintiff is only seeking 'to recover his own money and to prevent the defendant from unjustly retaining the benefit of his own illegal act,' an act which had its inception and fruition in violation of a highly penal statute." This court considered the purpose of the statute in reaching the conclusion that the plaintiff was entitled to relief in accordance with this principle, though the statute did not in express words render a sale in violation thereof void. See pages 379–380. No implication is to be drawn from this case that the remedy as distinguished from the cause of action was created by the statute. Nor is such an implication to be drawn from *Cummings* v. *Hotchkin Co.* 292 Mass. 78, where it was held, on the facts disclosed, that technical distinctions between void and voidable contracts did not render a tender unnecessary as a prerequisite to bringing an action for recovery of the price paid. The sale relied on by the plaintiff, even if regarded as technically voidable rather than void, was illegal. The right to treat it as void was an incident of its illegality and not an independent right or remedy created by statute. St. 1932, c. 290, did not purport to validate previous sales. It did not make the sale relied on by the plaintiff legal or deprive the plaintiff of any right incident to the illegality. See *Adams* v. *Good-now*, 101 Mass. 81; *Dewey* v. *Dolan*, 121 Mass. 9. See also *National Underwriting Co.* v. *Simon*, 9 Fed. (2d) 920; *Coe* v. *Portland Farmers' Elevator Co.* 236 Mich. 34; *Chambers* v. *Beckwith*, 247 Mich. 255. Compare *Morrison* v. *Farmers Elevator Co.* 319 Ill. 372. *Wilson* v. *Head*, 184

Mass. 515, is distinguishable. The original statute there before the court in terms provided a remedy in circumstances outside the scope of the statute substituted therefor by amendment, and the court held that the statutory remedy was lost by the amendment.

2. These defendants contend that the trial judge was in error in ruling that G. L. (Ter. Ed.) c. 110A, § 2 (d), was applicable to the transaction, on the ground that a "sale" of stock of a national bank was exempt from all the provisions of the chapter including the provisions of § 2 (d). This contention cannot be sustained. Clause (d) of § 2 was applicable to a "sale" of stock of the Chase Securities Corporation "given" or "delivered with" "any other thing" even if such "other thing" was not subject to the provisions of the chapter.

3. The defendants' contention that the sale in question was exempt under G. L. (Ter. Ed.) c. 110A, § 3 (k), is without merit. This section exempts a "distribution by a corporation of capital stock . . . or other securities to its stockholders . . . or their respective assigns as a stock dividend or other distribution out of surplus," and "securities issued under a corporate reorganization" in certain circumstances. The facts are set forth in the opinion in the cases of *Commissioner of Banks* v. *Chase Securities Corp.* and *Brandegee* v. *Chase Securities Corp.* and need not be discussed in detail. They do not bring the transaction within the terms of this section. The Bankers Trust Company receipts and the shares of stock of the Chase National Bank and of the Chase Securities Corporation represented thereby were acquired by the plaintiff by purchase.

4. The plaintiff's case rests on the ground that in the original transaction he was an undisclosed principal for whom Francis was an agent, so that the plaintiff is entitled to maintain this action as the principal in the transaction. See *Foster* v. *Graham,* 166 Mass. 202. The judge found that "Francis was an undisclosed agent of the plaintiff." The defendants contend that this finding was not warranted by reason of testimony of the plaintiff to the contrary, which the defendants argue is binding on the plaintiff. If we

assume that this contention is open on these exceptions, it is enough to say, without analysis of the plaintiff's testimony, that the testimony of the defendants' salesman who made the sale — which the judge could believe even if more favorable to the plaintiff than his own testimony, *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 409, *Sooserian* v. *Clark*, 287 Mass. 65, 67 — in connection with the other evidence in this case, warranted the finding.

5. The defendants contend that the plaintiff cannot maintain the action "because the sale was made to Francis at the plaintiff's instance in order to defraud creditors of the plaintiff." This question is presented, if not by other exceptions, by the defendants' exception to the denial by the judge of the defendants' request for a ruling that "If the plaintiff requested . . . Francis to purchase the securities in his own name with money furnished by the plaintiff and this was done so that title should be in Francis in order to hinder, delay and defraud creditors, the plaintiff cannot recover." There was evidence to which this requested ruling was applicable. But the denial of this request was not error. The plaintiff "can make out his case without reference to the fraudulent elements in the facts," and "no defrauded creditor is a party" to the action. *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34, and cases cited. Fraud upon creditors if proved would not be a defence to the action.

6. The securities tendered in the case differed from those tendered in the case of *Commissioner of Banks* v. *Chase Securities Corp.* by reason of the exchange on or about June 22, 1934, of the "unit" or "duplex" certificate for a certificate for shares of the bank and a separate certificate for shares of the Amerex Holding Corporation. These, as the warranted findings show, were purely formal changes and did not affect substantial rights. See *Ginn* v. *Almy*, 212 Mass. 486, 507; *Hubbard* v. *Oliver*, 173 Mich. 337.

*Exceptions overruled.*