Allow, J.
Action of contract to recover the purchase price of securities allegedly ©old in violation of the Blue Sky Law (General Laws, Chapter 110A).
In October 1929, the plaintiff requested the State Street Trust Company to purchase for her nine (9) certificates representing shares in both the Chase National Bank and the Ohase Securities Corporation. The State Street Trust Company ordered these certificates for the plaintiff from Bright, Sears & Co., a duly registered brokerage firm in this Commonwealth. Bright, Sears & Co. purchased the certificates from the defendant corporation and paid for them with its own check. It thereafter billed the State Street Trust Company for the certificates and charged a commission for effecting the purchase. The State Street *51 Trust Company made no charge to the plaintiff for its services in the transaction.
The defendant corporation had no knowledge that Bright, Sears & Co. was acting in any capacity other than as principal in the transaction. At the time that the plaintiff purchased the above-mentioned certificates no notice of intention to offer same for sale had been filed with the Department of Public Utilities as required by General Laws, Chapter 110A, Section 5.
On October 8, 1935, the plaintiff tendered to the defendant the certificates plus $250. in cash representing the dividends received by her and demanded the return of the purchase price of the securities. This was refused by the defendant. Subsequently, the plaintiff forwarded proxies for the Annual Meetings of 1937 and 1938 to the Chase National Bank.
The court found for the plaintiff.
It is unnecessary to consider the defendant’s requests for rulings as such. This case was presented to the court on an agreed statement of facts. As such it was the duty of the court to decide correctly on the facts as agreed. D’Olimpio v. Jancaterino, 1939 Advance Sheets, 1637, at 1639.
Since the plaintiff never dealt directly with the defendant corporation and the defendant had no knowledge that Bright, Sears & Co. was acting in her behalf, her rights in this action are those of an undisclosed principal. As such she must pursue her remedy subject to the seller’s right to rely on all defenses available to it had the agent sued in its own name. Sheehan v. Marston, 132 Mass. 161: Barry v. Page, 10 Gray 398. Foster v. Graham, 166 Mass. 202, at 204. The plaintiff’s rights in these circumstances are no greater than those of her agent, and the test of the *52 defendant’s liability will be measured by the extent to which the agent could proceed against the defendant in effecting a rescission.
Unless the plaintiff can show that there has been a violation of law by the defendant in the sale of these securities, she cannot recover. Bauer v. Bond & Goodwin, Inc., 285 Mass. 117. McGray v. Hornblower, 298 Mass. 334. The provisions of Gfeneral Laws, Chapter 110A, are not of general application. Certain transactions are exempted from the operation of the Act. Section 3, sub-paragraph (n) of the Act, exempts sales to registered brokers. The sale of the certificates by the defendant corporation to Bright, Sears & Co. came within the scope of this exemption. It is immaterial to the issue, therefore, that the requirements of Section 5 of the Act have not been met. The sale was valid, and the transaction could not be rescinded. Had Bright, Sears & Co. sought to recover the purchase money paid by it to the defendant corporation, the legality of the transaction between them would have barred recovery. Since the plaintiff’s rights are no greater than those of Bright, Sears & Co., she, too, is barred.
This view of the situation does not conflict with the opinion in McGray v. Hornblower, 298 Mass. 334, at 338. In that case the plaintiff purchased his securities through an agent who was not a registered broker. The sale by the defendant to the agent was clearly within the Act, and in the absence of compliance with Section 5, was illegal.
In our opinion the facts as stated required findings that the defendant had not violated any provisions of the Blue Sky Law with respect to the sale of these securities, and that the plaintiff was not entitled to recover.
Finding for the plaintiff vacated.
Judgment to be entered for the defendant.