MARION KIMBALL HOWELL *vs.* FIRST OF BOSTON INTERNATIONAL CORPORATION.

Suffolk.  April 7, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Sale,* Of securities. *Agency,* Undisclosed. *Sale of Securities Act. Practice, Civil,* Case stated.

Upon a case stated, this court is in the same position as to both law and fact as was the trial judge and is not bound to accept inferences of fact drawn by him.

A sale in 1929 to a registered stockbroker upon his sole credit, consummated by delivery to and payment by him, of a security not qualified for sale under G. L. c. 110A in its then amended form, was not subject to the provisions of that statute by reason of § 3 (n) and did not make the seller liable for the purchase price to one for whom, without the knowledge of the seller, the purchase was made.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 10, 1935.

Upon report by *Zottoli,* J., to the Appellate Division after a finding for the plaintiff in the sum of $3,195.11, the finding was vacated and judgment was ordered for the defendant.

*E. M. Dangel,* (*D. S. Smith & G. A. Goldstein* with him,) for the plaintiff.

*V. V. R. Booth,* (*L. M. Lombard* with him,) for the defendant.

LUMMUS, J. Late in 1929 the defendant, then known as The First National Corporation, was a registered broker in securities within the meaning of St. 1921, c. 499 (G. L. [Ter. Ed.] c. 110A), the sale of securities act, popularly known

as a blue sky law, which has since been superseded by a revision contained in St. 1932, c. 290 and amendments. The present case depends upon the original law with its few amendments up to and including the year 1929.

Late in 1929 The Chase National Bank of the City of New York and the Chase Securities Corporation were selling their shares to the general public in blocks consisting of one share of each corporation. The State Street Trust Company, at the request of the plaintiff, undertook gratuitously in accordance with its custom to buy for her nine such blocks of stock. As it had done in similar cases for many years, it placed an order with the duly registered stock brokerage firm of Bright, Sears & Company to buy for it nine such blocks, represented by a receipt of Bankers Trust Company, the depositary of such blocks. Bright, Sears & Company knew of no purchaser except the State Street Trust Company, and relied upon its credit in making the purchase.

Bright, Sears & Company bought the receipt representing nine such blocks for $1,950 from the defendant, which relied upon the credit of Bright, Sears & Company and did not know whether that firm was buying as principal or agent. The defendant delivered the securities to Bright, Sears & Company in the form of "street certificates" negotiable by delivery, and received payment from that firm. That firm sent the State Street Trust Company a memorandum of the purchase made for the latter, in which the purchase price and the commission were stated. After the State Street Trust Company had received that memorandum it advised Bright, Sears & Company for the first time that it was buying for the plaintiff, and did so apparently for the purpose of having the shares registered in her name.

In September, 1935, the plaintiff learned for the first time that the securities that she had bought in 1929 had not been qualified for sale in Massachusetts under G. L. c. 110A (St. 1921, c. 499) §§ 4–7, with amendments appearing in G. L. (Ter. Ed.) c. 110A, §§ 4–7. On October 8, 1935, she tendered the securities to the defendant, together with all dividends received by her, and demanded a return of the purchase

price. The tender was refused. She then brought this action of contract on October 10, 1935, for the purchase price with interest. The controversy was submitted to the trial judge in a District Court upon a case stated. He found for the plaintiff, but his finding was vacated by the Appellate Division, which ordered judgment for the defendant. The plaintiff appealed to this court. We are in the same position as was the trial judge, as to both fact and law. The case of *Boston Lodge Order of Elks* v. *Boston*, 217 Mass. 176, cited by the plaintiff for the proposition that this court must accept inferences of fact drawn by the trial judge from a case stated unless unwarranted in law, no longer can be cited as authority for that proposition. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 109. *Azevedo* v. *Mutual Life Ins. Co.* 308 Mass. 216, 217.

The sale of securities act was intended to protect the general public, not security brokers. The latter were considered able to look out for themselves. Accordingly, § 3 (n) of the act (G. L. [Ter. Ed.] c. 110A, § 3 [n]) provided that the provisions of the act should not apply to "The sale of securities directly or through a representative to a registered broker." All the defendant knew was that it was selling securities to Bright, Sears & Company, a registered broker. That sale was the defendant's entire transaction and only act.

The plaintiff invokes the familiar rules of law as to undisclosed principals. Am. Law Inst. Restatement: Agency, §§ 302–310. *Doucette* v. *Baldwin*, 194 Mass. 131. *Darling-Singer Lumber Co.* v. *Commonwealth*, 290 Mass. 488. *Hushion* v. *McBride*, 296 Mass. 4, 9. *Norfolk County Trust Co.* v. *Green*, 304 Mass. 406, 409. It is one thing to pass over and disregard an apparent contracting party who is really an agent, in order to attach to his undisclosed principal the benefit of and liability upon a contract made by the agent, where no substantial right of the other contracting party will be impaired by so doing. *Barry* v. *Page*, 10 Gray, 398, 399. *Roosevelt* v. *Doherty*, 129 Mass. 301, 304, 305. *Sheehan* v. *Marston*, 132 Mass. 161, 162. *Foster* v. *Graham*, 166 Mass.

202, 204. *Cushman* v. *Snow*, 186 Mass. 169, 174. *Foreign Trade Banking Corp.* v. *Gerseta Corp.* 237 N. Y. 265. Note, 53 Am. L. R. 414. In *McGray* v. *Hornblower*, 298 Mass. 334, where an undisclosed principal who had bought securities sold in violation of the sale of securities act was permitted to recover the price, the sale was equally invalid whether made to the agent or the undisclosed principal.

It is quite a different thing, where a defendant has made a sale to an apparent purchaser that was lawful on the facts known to the defendant, to pass over and disregard that apparent purchaser, to treat as the purchaser an undisclosed and unknown principal to whom the defendant could not lawfully make the sale, and thereby to convert the sale into a criminal offense. G. L. (Ter. Ed.) c. 110A, § 15. We think that so doing is precluded by the rule that one may pass over the agent and consider the undisclosed principal as the contracting party only where the rights of the other contracting party are not thereby impaired.

*Order of Appellate Division affirmed.*