JAMES STINSON

v.

JOHN S. GOULD et al.

1. SET-OFF — of claim against factor in suit for goods bought of him. Where a factor or agent has the property of another in his possession, and a person not having notice or chargeable with notice purchases the property, supposing it to belong to the factor, the purchaser may set off a claim he has against the agent.

2. But where the property sold is not in the possession of the agent when sold, or if the purchaser has notice or is chargeable with notice that the person selling is not the owner of the property, then he cannot set off any claim he may have against the agent.

3. SAME — of joint claim against factor and others in suit for goods sold by factor. Although a purchaser of property in the hands of a factor, supposed by the purchaser to be the owner, may set off any claim he may have against such factor, in a suit by the owner of the goods for the purchase money, yet he cannot set off any claim he may have against such factor and other parties jointly.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. B. WALSH, for the appellant.

Mr. B. D. MAGRUDER, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellees brought this suit in the Superior Court of Cook county, against appellant, to recover the value of eight iron lamp posts and fixtures. On the trial, in the court below, a jury was waived by consent of parties and a trial was had by the judge, who found the issues for the plaintiffs, and rendered judgment in their favor for $494 and costs, from which this appeal is prosecuted.

The controversy in the case turns upon the question whether appellant should have been allowed a set-off of $350, as a credit on appellees' account. This is the only question pre-

sented by the record, as there is no dispute that appellant had the goods, as charged. The grounds for claiming the set-off are, that appellant, in the summer of 1872, purchased of Crawford, Chamberlain & Co. a fountain, which was placed in his yard, but not being satisfactory to appellant, it was agreed that they should take it back and furnish him with vases or other goods in its stead.

It appears that appellant examined and perhaps selected two posts at the business house of Crawford, Chamberlain & Co., and saw drawings of others that were satisfactory, and six of that pattern were ordered for him. After this had all occurred, about from the 18th to the 21st of March, 1873, Crawford, Chamberlain & Co. sold out their stock or made an assignment of it to Brown, and he about the same time sold it to appellees without reservation, or any notice that appellees had given any order or claimed any of the goods embraced in the stock, so far as this record discloses. About the 22d of April, 1873, Crawford, one of the members of the firm of Crawford, Chamberlain & Co., called on appellees and stated that he had an order from appellant for the two lamp posts and six Boulevard lamp posts, and if appellees would pay him a commission he would fill the order at their store, otherwise he would send for them to Philadelphia. This seems to have been the first time they had seen Crawford. They accepted and filled the order, and delivered the posts to appellant; and on the next day Crawford had the fountain removed, and by permission of appellees it was stored at their business house.

It is claimed that Crawford was the agent of appellees, but dealt with these goods as his own, and from that fact appellant had the right to set off any claim held against Crawford as though the posts had been his property. It is a rule, that where a factor or agent has the property of another in his possession, and a person not having notice, or chargeable with notice, purchases the property, supposing it to belong to the factor, the purchaser may set off a claim he has against the agent, or any claim he holds against the true owner. But he cannot, as

11—74th Ill.

against the agent, if he knows the facts, or is chargeable with notice. In this case, however, Crawford was not in the possession of the goods, but they were in the possession of appellees, who had purchased them free from any claim of Crawford, Chamberlain & Co., and of appellant. The goods were legally theirs and they sold them.

But even if Crawford was the agent of appellees, which the evidence, we think, fails to show, still Johnston, appellant's book-keeper and business agent, had notice that the goods belonged to appellees, as he was so notified at their interview on the 22d of April. Crawford told the book-keeper that he would see and let him know whether appellees would sell the posts, and there seems to be no doubt that he called the same day and informed him they would sell the posts. Here was direct notice to the agent and business man of appellant, and no rule is more uniformly recognized than that notice to an agent, within the scope of the agency, is notice to the principal. So in the case at bar, there was actual notice to appellant's agent, which so operated on appellant, that appellees, and not Crawford, were the owners of the goods. Appellees seem to have been profoundly ignorant of all arrangements that existed between appellant and Crawford, as to the exchange of the fountain for vases or other goods. There is no evidence that they knew of the arrangement, and hence there can be no presumption that they intended to carry out the arrangement.

But if Crawford had been the agent of appellees, and appellant had purchased the goods, supposing that they belonged to him, still we fail to see how a claim not against him, but against his late firm, could be set off in this case. It is not claimed that he was acting for his late firm, but for himself, in making the sale. An individual claim against an agent may, but a joint claim against him and others cannot, be set off in such a case. So that, in any view we have been able to take of the case, we are unable to see that the court below erred in the view he took of the law, and the evidence fully warrants the finding. The judgment of the court below must be affirmed.

*Judgment affirmed.*