FREDERICK A. FOSTER *vs.* BENJAMIN J. GRAHAM & another.

Suffolk.   January 13, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Principal and Agent — Undisclosed Principal — Set-off of Agent's Indebtedness to Vendee against Claim of Vendor — Pleading.*

An undisclosed principal may maintain an action for goods sold where the agent, in making the sale, although appearing to the vendee to be the principal, is in fact the agent of the vendor; and, under an answer consisting only of a general denial and payment, the right of the vendee to set off an indebtedness of the agent to him cannot be determined.

CONTRACT, on an account annexed, to recover the price of a car-load of laths.  Answer, a general denial, and payment. Trial in the Superior Court, before *Maynard*, J., who allowed a bill of exceptions in substance as follows.

The plaintiff, who was a wholesale lumber dealer in Boston, testified by deposition that on July 25, 1894, one Marshall, with whom he had previously dealt, came to him and told him that the defendants wanted to buy a car-load of laths, and, at the plaintiff's request, Marshall agreed to see the defendants, and to give them the order for the car-load of laths and the plaintiff's bill to them, which Marshall took away with him.  The order and the bill were as follows:

"Boston, July 25, '94.

" Freight Agent Southern Div. B. & M. R. R.,
      Boston.

" Dear Sir, — Please deliver to Mess. Graham & Cameron Laths on car 5952 on payment charges.

                    " Yours respt'y,          F. A. Foster.
" 11 Central St., Boston."

                    " Boston, Mass., July 25th, 1894.
" Mess. Graham and Cameron
      " Bought of F. A. Foster, Eastern, Northern, Southern, and
            Western Lumber, 11 Central Street (Room 14),
      " 67 M Laths ᶜ5952 at $2.00  . . . . . . . $134.00
      " Less freight . . . . . . . . . . .      49.25
                                              ————————
                                               $84.75 "

About a week after the interview with Marshall, the plaintiff called on the defendant Graham, and asked him if he had received a car-load of laths for which the plaintiff had given an order and bill to Marshall, and Graham replied that he had received the order, and had procured and unloaded the laths, but had not received any bill from Marshall direct. The plaintiff then told him that the laths were his, the plaintiff's, and that Marshall had no right to make out a bill of his own, and that he had given Marshall a bill to give to the defendants. The defendant Graham told the plaintiff that his partner, Cameron, the other defendant, dealt with Marshall in the transaction, and further stated that Marshall owed their firm some money, and that they had taken the laths from him on account of this debt.

The defendant Cameron testified that about July 20, 1894, Marshall came to his office and said he had some laths which he wanted to sell, and prices were discussed. Four days later he called again, and the defendants agreed to take them at two dollars a thousand. Marshall then said that he had had them consigned to another party, and that it would be necessary for him to get an order before the laths could be taken from the railroad from this party. Cameron replied, " All right," but paid little attention to what Marshall said. In the afternoon of the following day, Marshall came to the defendants' office with the plaintiff's order to the Boston and Maine Railroad, which the witness took, and got his bill for the laths.

Cameron also testified that the bill given him by Marshall was not a regular bill-head, but was written on a blank piece of paper. It was as follows:

"Boston, July 25, 1894.

"Sold Mess. Graham & Cameron 67 M. Laths at $2 per thousand.                    E. G. Marshall."

He further testified that Marshall was a carpenter and builder, and that his indebtedness to the defendant firm for stock furnished him was, on June 7, 1894, $196.81; that he had known of Marshall selling a number of car-loads of lumber to a firm that was building in Revere Highlands; that he did not know the plaintiff, and made no effort to learn who he was. He further testified that about the middle of August the plaintiff

came to see him, and said that the laths were his, or that Marshall got them for him, or something to that effect, and that he did not get his pay for them ; and that the plaintiff then said, " I never expected to get anything out of those laths ; I never expected Marshall to pay me for them." At a later interview, after an unsuccessful attempt by the plaintiff to sell the witness some other lumber, the plaintiff said, " I can make you pay for those laths you bought," and talked to the witness as if he had sold the defendants the laths, and calculated to have his pay for them.

At the close of the plaintiff's case the defendants requested the judge to rule that, upon all the evidence, the plaintiff was not entitled to maintain his action, for the reason that he had shown no privity of contract between the plaintiff and the defendants; and the judge ruled that, upon the pleadings and the evidence, the plaintiff could not recover, and instructed the jury to return a verdict for the defendants. The plaintiff alleged exceptions.

*C. M. Hemenway*, for the plaintiff.

*W. N. Osgood & J. L. Bates*, for the defendants.

FIELD, C. J. In *Barry* v. *Page*, 10 Gray, 398, it is said: " As the contract of an agent is in law the contract of the principal, the latter may come forward and sue thereon, although at the time the contract was made the agent acted as and appeared to be the principal. There is a qualification of the rule, by which it is held that when a contract has been made for an undisclosed principal, who permits his agent to act as apparent principal in the transaction, the right of the former to intervene and bring suit in his own name is not allowed in any way to affect or impair the right of the other contracting party, but he will in such case be let in to all the equities, set-offs and other defences to which he would have been entitled, if the action had been brought in the name of the agent."

It would have been competent for the jury in the present case to infer, from the evidence of the plaintiff contained in his deposition, that the plaintiff owned the laths, and intended to sell them to the defendants through Marshall, who volunteered to act for the plaintiff in the transaction, and there was abundant evidence that the laths were actually sold to the

defendants by Marshall. This is evidence that Marshall in fact acted as agent of the plaintiff in making the sale, although Marshall may have appeared to the defendants as the principal in the transaction. If Marshall were not indebted to the defendants it would be plain, we think, that there was evidence on which the plaintiff, as an undisclosed principal, might maintain the action to recover the price of the laths. The court, therefore, could not properly rule that the plaintiff could not maintain the action because no privity of contract between the parties was shown, and, as we construe the exceptions, this was the ruling of the court.

The plaintiff declared on an account annexed; the defendants answered a general denial, and payment. There were no pleadings in set-off. Under the pleadings, therefore, no question of the right of the defendants to set off their claim against Marshall could properly arise, and it does not appear from the exceptions that any such question arose at the trial. Whether the circumstances were such that the defendants in this suit can avail themselves of the right of set-off of the indebtedness of Marshall against the plaintiff, we cannot now determine. See *Stinson* v. *Gould*, 74 Ill. 80 ; *Bernshouse* v. *Abbott*, 16 Vroom, 531 ; *Wright* v. *Cabot*, 89 N. Y. 570. Under the answer of payment the burden was on the defendants, and if by payment is meant that the defendants, with the consent of Marshall, received the laths at a price agreed upon in part payment of Marshall's indebtedness to them, their right so to apply the price depends upon much the same considerations as their right to set off Marshall's indebtedness against the plaintiff's claim.

*Exceptions sustained.*