THE CAPITOL AMUSEMENT COMPANY *vs.* JIMMIE
GALLAGHER.

Suffolk.   April 5, 1929. — September 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation, Undisclosed principal.   *Contract,* What
   constitutes, Under seal.

At the trial of an action by a corporation for breach of a contract in
   writing whereby the defendant agreed to present a certain singing-
   musical specialty at a certain theatre, it appeared that the defendant
   failed to appear at the theatre at the time and in the manner pro-
   vided in his agreement, and that the plaintiff suffered damages as a
   result of such failure and refusal to appear.   The contract purported
   to be made between the defendant and an individual designated as
   "manager."   Its text contained no reference to the plaintiff, nor any
   declaration that the "manager" in executing the contract acted as
   agent for the plaintiff or other person, or that he then intended to
   act otherwise than for himself alone.   It was signed on the same
   line by the defendant and the individual, after whose name was
   "Gen. Mgr."   Opposite the names of the signers there was a bracket
   enclosing the letters "L. S."   The agreement contained no recital
   that it was sealed by, or bore the seal of, the persons signing the
   same, or was given under the.hand and seal of the persons signing
   the same, or that it was intended to take effect as a sealed instru-
   ment.   It had no seal of wax or other adhesive substance impressed
   or affixed upon or to it.   There was evidence that the individual
   described "manager" had general charge of the theatre where the
   defendant was to appear on behalf of the plaintiff corporation,
   which operated a chain of theatres, and that the securing of vaude-
   ville acts was part of his duties.   The judge ordered a verdict for the
   defendant "because it doesn't appear that the . . . [plaintiff] as
   such ever entered into an agreement with the defendant in this case."
   *Held,* that
      (1) The contract was not under seal and the plaintiff, though not
   named therein, could enforce it if in fact the plaintiff was the undis-
   closed principal;.

(2) On the evidence a finding would have been warranted that the individual who signed the contract as "Gen. Mgr." was the plaintiff's agent and made the contract for it;

(3) The ordering of the verdict for the defendant was error.

CONTRACT, with a declaration described in the opinion. Writ in the Municipal Court of the City of Boston dated March 6, 1928.

On removal to the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*H. A. Mintz & G. S. Alberts*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

PIERCE, J. This is an action of contract brought originally in the Municipal Court of the City of Boston. It was thereafter removed to the Superior Court, and after a trial to a jury comes before this court on the exceptions of the plaintiff. The plaintiff declared on a written contract, a copy of which is annexed to the declaration. The defendant filed a general denial and an amended answer which reads: "And further answering the defendant says that if it shall be proved that the said Max Finn, mentioned in the plaintiff's declaration, was acting for and in behalf of his principal, The said Capitol Amusement Company, and that there is no variance between the contract sued upon and the declaration in said action (on the theory that the plaintiff is entitled to recover as an undisclosed principal), then the defendant says that The Capitol Amusement Company had been involved in labor disputes and such fact was material to the defendant; that the plaintiff, knowing the materiality of this fact, fraudulently concealed the name of the plaintiff, The Capitol Amusement Company, from the defendant; that as a result thereof the defendant entered into the contract declared on by the plaintiff."

An inspection of the written contract, which was admitted in evidence at the trial, discloses that the "agreement" purports to have been made on January 20, 1928, by and between one Max Finn, called the "manager," and Jimmie

Gallagher and orchestra, called the "artist."  By paragraph 1 of the contract the manager engages the artist, and the latter agrees to present a certain singing-musical specialty, with seven persons therein, for one day's performance commencing on February 19, 1928, at the Capitol Theatre, in the city of Lynn, for which the manager agrees to pay $175 at the conclusion of the final performance.  The remaining thirteen paragraphs of the executed contract are material to the issue raised by the bill of exceptions only because therein no reference is made to the plaintiff, nor any declaration contained that the "manager" in executing the contract acted as agent for the plaintiff or other person, or that he then intended to act otherwise than for himself alone.  The "agreement" is signed as follows:

(Artist sign here          (Signed) JIMMIE GALLAGHER (L.S.)
giving address.)

   By Mr. Max Finn, Gen. Mgr.

The agreement contains no recital that it is sealed by, or bears the seal of, the persons signing the same, or is given under the hand and seal of the persons signing the same, or that it is intended to take effect as a sealed instrument.  It has no seal of wax or other adhesive substance impressed or affixed upon or to it.  As the contract declared on was not an instrument under seal, *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 470; (see relative to seals and sealed instruments, St. 1929, c. 377, § 2,) the plaintiff, not named in the agreement, can enforce it if in fact the plaintiff was the undisclosed principal.

   The evidence at the trial would have warranted the jury in finding that the defendant, without legal justification, failed to appear at the Capitol Theatre on February 19, 1928, at the time and in the manner provided in his agreement, and that the plaintiff suffered damages as a result of the defendant's failure and refusal to appear.  On the evidence the jury would be warranted in finding that Max Finn, at the time of the execution of the agreement, was employed as general manager by The Capitol Amusement Company; that

his duties as general manager consisted in supervising the general operation of the theatres, in securing vaudeville acts through their agency, and also pictures, and in seeing that the pictures and vaudeville were properly presented through advertising; that he also had charge of the general operation of the Capitol Theatre of Lynn, "which is part of The Capitol Amusement Corporation chain of theatres"; that he delegated to the vaudeville booking agency the procuring of vaudeville acts, and that at the time he got the defendant's signature the vaudeville agency to which he looked to get these acts was Walters, Denish & Frisco, Inc.; that he knew the defendant and that in January, 1928, he entered into the contract, exhibit 1, with the defendant; that contracts like exhibit 1 are usually executed for him by Ross Frisco, who was at that time a member of the firm of Walters, Denish & Frisco, Inc., and that at the time of the signing of the contract by the defendant they were acting for him. From such evidence, and from the fact that the contract called for performance by the defendant at the Capitol Theatre, the jury reasonably might infer that Finn was the agent of The Capitol Amusement Company and as such made the agreement for The Capitol Amusement Company.

The direction of the verdict for the defendant "because it doesn't appear that The Capitol Amusement Company as such ever entered into an agreement with the defendant in this case" was error, and the exceptions of the plaintiff are sustained.

*Exceptions sustained.*