JOHN L. COTTER *vs.* EDWARD P. MAGUIRE.

Middlesex.     November 8, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Broker,* Commission.     *Agency,* Undisclosed principal.

At the trial of an action by a broker for a commission, there was evidence that the defendant, a landowner, listed property for sale with one who was an employee of the plaintiff, although the defendant did not know of such employment at that time; that the employee called the property to the attention of another broker, through whose efforts the property was sold for a certain sum

by the defendant; that the second broker was acting in the transaction as agent of the plaintiff; and that the defendant learned after the sale that the one with whom he had listed the property was an employee of the plaintiff. The defendant testified at the trial that he had stipulated with the plaintiff's employee that he was to get the sum received by him "net." The plaintiff testified that he had had conversations with the defendant after the sale and that in such conversations the defendant had said nothing about a "net price." The plaintiff's employee was not a witness at the trial. The plaintiff sought to recover on an account annexed for a certain percentage of the purchase price. *Held,* that

(1) The evidence did not require a finding that there had been a stipulation as to a "net" price;

(2) The circumstance, that the defendant did not know until after the sale that the person with whom he had listed the property was an employee of the plaintiff, did not prevent recovery by the plaintiff;

(3) A verdict for the plaintiff was warranted.

CONTRACT by a broker for a commission. Writ dated May 27, 1925.

The declaration was on an account annexed, to recover $332.50, three and a half per cent of $9,500. Material evidence at the trial in the Superior Court before *F. T. Hammond,* J., is stated in the opinion. The plaintiff's employee, McDougal, was not a witness at the trial. The judge refused to order a verdict for the defendant. The jury found for the plaintiff in the sum of $398.28. The defendant alleged an exception.

*M. B. Lynch,* for the defendant.

*J. A. Daly,* for the plaintiff.

PIERCE, J. This is an action of contract in which the plaintiff seeks to recover a commission alleged to be due him, as a broker, on the sale of a house and land numbered 25 Pritchard Avenue, Somerville, Massachusetts. The case was tried to a jury and a verdict returned for the plaintiff. At the close of the evidence the defendant moved for a directed verdict; the motion was denied and the defendant excepted. The case is before this court on that exception. All material evidence is included in the record.

At the trial evidence favorable to the plaintiff's case was introduced to the effect that in April, 1925, the defendant was desirous of selling his premises at 25 Pritchard Avenue, Somerville, and had published an advertisement in a Somer-

ville newspaper; that one McDougal was introduced to him by a friend, and he listed for sale this property with McDougal; that McDougal was an employee of the plaintiff; that the defendant did not know of such employment at that time but learned of it subsequently; that shortly after the middle of April, 1925, McDougal, as a part of his efforts to sell the property, brought it to the attention of one Simpson, a broker in Somerville, who knew that McDougal was working for the plaintiff; that in the same month Mrs. Murphy and a Mrs. Mitchell came to Simpson's office and inquired what property he had for sale, and he showed them a piece of property on Morrison Avenue opposite Pritchard Avenue, in which they were not interested; that he then took them to the corner of Morrison Avenue and Pritchard Avenue and pointed out the house at number 25 Pritchard Avenue; that they did not go and look at the house then because it was late in the afternoon, and they did not come back the next day as he expected, but that they went to the house themselves and on the same day Mrs. Murphy agreed to buy and subsequently did purchase the premises for $9,500.

The defendant testified that the terms he gave McDougal were $9,500 net to him. In contradiction the plaintiff testified, in substance, that after the sale to Mrs. Murphy he had a talk over the telephone with the defendant, who asked the plaintiff to come and see him; that the plaintiff went, and the defendant then said he had given the property to a man named McDougal; that the plaintiff told the defendant McDougal was his salesman and that Simpson was also his agent; that the defendant then said he did not get the price he wanted and did not see why he should pay a commission, that he only got $9,500. The plaintiff further testified that at neither of "these conversations was anything said about any net price on this property." It is, of course, plain that the plaintiff was not entitled to a commission if the property was listed for sale with him or with his employees for $9,500 net, because concededly he had not procured a customer who was ready, willing and able to take the property of the defendant upon the terms

given by the defendant to McDougal or to Simpson through McDougal. *Munroe* v. *Taylor*, 191 Mass. 483. *Noyes* v. *Caldwell*, 216 Mass. 525. But the evidence as to whether the price of $9,500 was net to the defendant was conflicting, and warranted the jury in finding that the broker's agreement did not provide for such a sale.

There is nothing in the contention of the defendant that there can be no recovery by the plaintiff because before the sale to Mrs. Murphy it was not known to the defendant that McDougal was an employee of the plaintiff. It is sufficient that McDougal and Simpson, as agents, were acting in the service and in behalf of the plaintiff in the procurement of a purchaser. *Borrowscale* v. *Bosworth*, 99 Mass. 378, 383.

The case was submitted to the jury rightly.

*Exceptions overruled.*