LOUIS BLANCHARD *vs.* MORRIS KRONICK.

Hampden.     September 17, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency,* Undisclosed principal.   *Contract,* What constitutes.

At the trial of an action for breach of warranty of fitness in the sale of cracked corn to be fed to poultry, the plaintiff testified that he instructed his sister to order the grain and that he owned the poultry, although his father owned the farm where the poultry were kept and where he lived. His sister testified that at her brother's request she ordered the grain from the defendant and told him the purpose for which it was to be used; that she did not mention her father's name, nor say to the defendant that it was for her brother. The defendant testified that he was told that the grain was for one of the surname of both father and son and that his sales slip showed the grain sold to such a person; that he did not know the plaintiff as a man, he remembered

him only as a child; but that the plaintiff's father had been a steady customer. *Held*, that such evidence was sufficient to support a finding that the plaintiff as undisclosed principal, through his sister as his agent, made the contract of sale with the defendant.

TORT OR CONTRACT, with a declaration in two counts, the first in tort for negligence in selling unfit grain to the plaintiff for feeding to his poultry, and the second in contract for breach of warranty of fitness of the grain. Writ dated January 21, 1924.

The action first was tried in the Superior Court before *Lawton*, J., who ordered a verdict for the defendant. Exceptions by the plaintiff were sustained in a decision reported in 269 Mass. 464.

The action again was tried before *Macleod*, J. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $825. The defendant alleged exceptions.

*N. M. Harvey & J. H. Mulcare*, for the defendant, submitted a brief.

*J. E. Kerigan*, for the plaintiff.

RUGG, C.J. This is an action for breach of an implied warranty of fitness in the sale of cracked corn by the defendant to the plaintiff. It was held in 269 Mass. 464, when the case was here at an earlier stage, that there was evidence to justify a finding that there had been a breach of the implied warranty of fitness for a use made known to the defendant as seller and reliance on his skill by the buyer within G. L. c. 106, § 17 (1). The evidence in the present record on this point is not materially different from that disclosed on the former record. The case is governed in this particular by the decision hitherto rendered.

The only point now raised, not foreclosed by the previous adjudication, is whether there was sufficient evidence that the plaintiff made a contract with the defendant for the purchase of the cracked corn. The plaintiff testified that he instructed his sister to order the grain and that he owned the poultry, although his father owned the farm where it was kept and where he lived. His sister testified

that at her brother's request she ordered the grain from
the defendant and told him the purpose for which it was
to be used; that she did not mention her father's name,
nor say to the defendant that it was for her brother.  The
defendant testified that he was told the grain was for
"Blanchard" and that his sales slip showed the grain sold
to "Blanchard"; that he did not know the plaintiff as a
man, he remembered him only as a child, but had done
business with the plaintiff's father as a steady customer.

This evidence in its aspect most favorable to the plain-
tiff was sufficient to support a finding that the plaintiff
as undisclosed principal, through his sister as his agent,
made the contract with the defendant.  There was no con-
cealment of the identity of the plaintiff, and nothing to
indicate that his personality was of any consequence to
the defendant.  The record presents the simple case of
an undisclosed principal suing on a contract made by his
agent.  *Eastern Railroad* v. *Benedict,* 5 Gray, 561, 562.
*Lunn & Sweet Co.* v. *Wolfman,* 256 Mass. 436, 441, 442,
and cases cited.  *Capitol Amusement Co.* v. *Gallagher,*
268 Mass. 321, 323.  Cases like *Boston Ice Co.* v. *Potter,*
123 Mass. 28, and *Kaufmann* v. *Sydeman,* 251 Mass. 210,
are distinguishable.

*Exceptions overruled.*