Pettingell, P. J.
Action of tort or contract in which the plaintiff seeks to recover for injuries caused by eating liver purchased from the defendant by the plaintiff’s daughter, the trial judge finding that the liver was unfit for food. There was a finding for the plaintiff. The defendant filed eight requests for rulings of which three were allowed, one was waived at the trial, and four were denied. These four requests, and the dispositions of them by the trial judge, are as follows :
“1. Upon all the evidence, the court is warranted in finding that there was no contract between the plaintiff and defendant. *Denied because inconsistent with the facts found, as I find there was a contract between the plaintiff and defendant based on an implied warranty of fitness.__
*88 “4. Upon all the evidence, the court is warranted in finding that the plaintiff accepted from the defendant the amount of money paid for the liver and this constitutes a mutual rescission of the contract of sale. Denied because I find as a fact that the plaintiff did not accept from the defendant the amount of money paid for the liver, but only received a fraction of the purchase price which was for the part returned.
“5. The remitting by the defendant to the plaintiff of the money paid for the liver constitutes an accord and satisfaction, and the plaintiff is barred from recovery in this action. Denied because inconsistent with the facts found, as I find as a fact that the defendant did not remit to the plaintiff the money paid by the plaintiff for the liver.
“8. Upon all the evidence, the court is warranted in finding that there was no evidence given to show that the defendant did make known or did not make known to the plaintiff or his agent the unwholesome condition of the liver sold. Denied because said request combines two inconsistent requests and therefore improper, and further I find as a fact that the defendant did not make kno%on to the plaintiff or his agent the unwholesome condition of the liver sold.”
The only argument contained in the defendant’s brief, and the only argument advanced by the defendant at the oral argument, is the issue whether or not there was a contract between the plaintiff' and the defendant, the defendant’s contention being that where the purchase was made by a member of the family, other than the plaintiff, for the plaintiff to recover “the defendant must have knowledge of the existence of the principal and that in making the sale (that) he knows that he is not treating with the person (making the purchase) as principal but as agent for another party.”
In support of this contention the defendant cites the cases of Gearing v. Berkson, 223 Mass. 257, 260; Groce v. First National Stores, Inc., 268 Mass. 210; Cleary v. First National Stores, Inc., 291 Mass. 172; and Colby v. First National Stores, Inc., 307 Mass. 252, at 254.
*89 We think, however, that it has mistaken the action of the court in those cases. In Gearing v. Berkson, the court found that the sale was made to the husband through his wife as his agent. The husband was allowed to recover in contract for breach of an implied warranty. The wife was not allowed to recover in contract because the contract was made with the husband. On the count for negligence she was denied recovery because the trial judge found that there was no negligence. In Groce v. First National Stores, Inc., the court stated that the question of principal and agent, as between husband and wife, is commonly one of fact and not of law and sustained the finding for the wife. In connection with the defendant’s contention there is material language on page 213, in which the court speaks of the rights of an agent who has acted for an undisclosed principal.
In Cleary v. First National Stores, Inc., the court held that there was no evidence of negligence of the defendant, that there was evidence of a breach of an implied warranty of fitness; that the minor plaintiffs could not recover on that ground; that it could not be held as matter of law that the wife was acting as her husband’s agent; that whether she was so acting was a question for the fact finding tribunal. The husband was not a plaintiff. Colby v. First National Stores, Inc., followed a purchase by the wife, both husband and wife bringing actions. The trial judge made findings for each plaintiff and reported the case on the issue of his finding on the evidence that there was a contract with the wife. The court said that it was a question of fact and sustained both findings. Important on the issue in the case at bar is the possibility pointed out by the court, but not decided, that the wife may have been an agent for an undisclosed principal.
*90 None of these cited cases sustains the defendant’s contention in this case. In two of them there is mention of a principle of law which is absolutely contrary to that contention.
In Blanchard v. Kronich, 269 Mass. 464, the plaintiff ordered corn for his hens, specifying the intended use. The fowl ate the corn received and died, paris green being found in the corn. There was a recovery for a breach of an implied warranty. The case came up again as 277 Mass. 31, in which the only new issue was whether there was sufficient evidence that the plaintiff had made a contract with the defendant for the purchase of the corn. There was evidence that the plaintiff asked his sister to telephone for it, and evidence from the sister that she telephoned as requested, telling the purpose for which it was to be used, but that she did not say it was for her brother. The defendant testified that he was told that the grain was for “Blanchard”; that he knew the plaintiff’s father “Blanchard,” but that he did not know the plaintiff. It. was held that the evidence was sufficient “to support a finding that the plaintiff as undisclosed principal, through his sister as his agent, made the contract with the defendant.”
In the case at bar there was evidence that the plaintiff sent his daughter to purchase the particular food which made him sick. Agency was established by that evidence; whether or not the defendant knew of the agency is unimportant. Cotter v. Maguire, 269 Mass. 468, at 471.
See Huntington v. Knox, 7 Cush. 371. Eastern Railroad Co. v. Benedict, 5 Gray 561 at 562, 566. Barry v. Page, 10 Gray 398, at 399. Hunter v. Giddings, 97 Mass. 41, at 44. National Life Ins. Co. v. Allen, 116 Mass. 398. Roosevelt v. Doherty, 129 Mass. 301, at 302. Sheehan v. Marston, 132 Mass. 161, at 162. Foster v. Graham, 166 Mass. 202, at 204 Cushman v. Snow, 186 Mass. 169, at 173, 174. Porter v. Ocean Steamship Co., 223 Mass. 224, at 226. Lunn & Sweet
*91 Co. v. Wolfman, 256 Mass. 436, at 441. Capital Amusement Co. v. Gallagher, 268 Mass. 321, at 323. Blanchard v. Kronich, 277 Mass. 31, at 33. Howell v. First of Boston International Corporation, 309 Mass. 194, at 196.
There being ample evidence of the relation of principal and agent between the plaintiff and his daughter who purchased the food, and it being immaterial whether or not the defendant knew of that relation, there was no prejudicial error in the denial of the defendant’s first requested ruling. All issues raised by the other three requests are treated as waived, not having been agrued. Levine v. Cohen, 235 Mass. 446, at 448. Stuart v. McEttrick, 242 Mass. 486, at 489. Commissioner of Banks v. Cosmopolitan Trust Co., 247 Mass. 334, at 346. Manning v. Campbell, 264 Mass. 386, at 392. Barnes v. Springfield, 268 Mass. 497, at 504. Carangias v. The Market Mens Relief Association, 293 Mass. 284, at 285.
Report dismissed.

 The trial court’s rulings and findings on each of plaintiff’s requests are printed in italics following the request.