LAWRENCE M. BURDO, trustee, *vs.* WILLIAM J. TARKY.

Middlesex.   November 5, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Trust,* Enforcement of claim, Distinction between individual and trust
    capacities of trustee.   *Practice, Civil,* Parties; Exceptions: what ques-
    tions open.

In an action upon a contract, an allegation that the plaintiff was a trus-
    tee, although permissible, was mere surplusage, and failure to prove
    that he made the contract as a trustee rather than in his individual
    capacity would not prevent recovery.
Exceptions by a defendant directed in substance to the question whether
    the plaintiff, who alleged himself to be a trustee, could recover for
    breach of a contract which the defendant contended was not proved to
    have been made by the plaintiff in that capacity, did not present the
    question whether, if the plaintiff should recover and obtain execution
    in that capacity, the defendant would be entitled to set off an execu-
    tion obtained against the plaintiff as an individual in a cross action.

CONTRACT, originally by "Lawrence M. Burdo . . . and
Ronald A. Boyd . . . doing business under the name and
style of Burdo and Boyd Realty Trust."   Writ in the Fourth
District Court of Eastern Middlesex dated December 27,
1940.

Upon removal to the Superior Court, the action was heard by *Morton*, J., without a jury. At the beginning of the trial, the judge allowed a motion by the plaintiff Burdo in which he alleged that he was "the surviving trustee" of "Burdo and Boyd Realty Trust," Ronald A. Boyd having died on January 2, 1941, and requested "that the plaintiff . . . be designated . . . as Lawrence M. Burdo, Trustee, as he is the surviving trustee of the Burdo & Boyd Realty Trust." The judge also allowed a motion by the plaintiff, so designating himself, for leave to amend the declaration. Thereafter the judge allowed a motion by the defendant for leave to amend his answer by adding an allegation that the defendant "owes the plaintiff nothing, and that there was no trust in existence at the time of the trial . . . ." Respecting the allegations in this amendment, the judge found that "the trust was in existence when the suit was brought but was terminated in accordance with the terms thereof by the death of one of the trustees on January 2, 1941."

There was a general finding for "Lawrence M. Burdo, Trustee, as he is the surviving trustee of the Burdo & Boyd Realty Trust." The defendant alleged exceptions to the refusal of a ruling "as a matter of law that upon all the evidence the plaintiff cannot recover any amount under his declaration and that the verdict must be for the defendant"; to the allowance of the plaintiff's motion to amend the declaration; "to the allowance of the motion of the plaintiff changing the plaintiff's designation to Lawrence M. Burdo, Trustee, as he is the surviving Trustee of Burdo & Boyd Realty Trust"; "further . . . to the ruling of the court allowing the motion in favor of the said Burdo as Trustee, as he is the surviving trustee of Burdo & Boyd Realty Trust, as there is no evidence in the case that any such trust ever existed"; and "to the ruling that there is any money due to Lawrence M. Burdo, Trustee, as he is the surviving trustee of Burdo & Boyd Realty Trust, as the contract was at no time signed or executed by Burdo & Boyd Realty Trust, the evidence disclosing that the contract . . . was signed by Burdo & Boyd and by Lawrence M. Burdo alone."

The following appeared in the record: "This case was

tried together with a case of William J. Tarky against
Lawrence M. Burdo in which the court found for the plain-
tiff William J. Tarky against Lawrence M. Burdo in his
individual capacity . . .. The said action of Tarky *vs.*
Burdo grew out of the same transaction."

*E. R. Anderson,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

QUA, J.   This is an action of contract, originally brought
by Burdo and another (since deceased) in a form appropriate
to an action in their individual capacities, for a balance due
to the plaintiffs for building a hunting lodge for the defend-
ant at Salisbury in the State of Vermont.   After a finding
for the surviving plaintiff Burdo, hereinafter called the
plaintiff, the defendant insists that there was error in two
respects, (1) in allowing an amendment designating the
plaintiff as surviving trustee of "Burdo & Boyd Realty
Trust" and (2) in finding for the plaintiff after the amend-
ment was allowed, since, as the defendant contends, there
was no evidence that the plaintiff originally contracted in a
trust capacity.

There was no error in either respect.

The amendment was unnecessary, but it was permissible,
and, so far as the defendant was concerned, it worked no
change in the nature of the action and did him no harm.   A
trustee, as the owner of a legal or equitable cause of action
which, in fact, he holds in trust for another, can sue a third
party upon it without alleging himself to be a trustee.   If,
however, a plaintiff does allege himself to be a trustee, the
allegation is mere surplusage and need not be proved any
more than any other unnecessary allegation need be proved.
The defendant is not concerned with the question whether
or not the plaintiff is obligated to account for the proceeds
of the action to some cestui que trust.   *Hawkins* v. *County
Commissioners of Berkshire,* 2 Allen, 254, 258.   *Bromley* v.
*Mitchell,* 155 Mass. 509, 512.   *Hull* v. *Newhall,* 244 Mass.
207, 209.   *Gerber* v. *Berstein,* 295 Mass. 132, 136.   *Boston* v.
*Dolan,* 298 Mass. 346, 352–353, and cases cited.   Am. Law
Inst. Restatement: Trusts, § 280, comment h.   On the
subject as a whole see Scott on Trusts, §§ 280–280.6.   As to

executors or administrators, compare *Eaton* v. *Walker*, 244 Mass. 23. It follows that, whether or not the plaintiff was a trustee, he could recover upon proof of the contract and of its breach by the defendant.

The defendant has a finding against the plaintiff, not designated as trustee, in a cross action and fears that he will be unable to set off his execution against that which the plaintiff will obtain against him, if the plaintiff is allowed to recover with the designation of trustee in this action. See G. L. (Ter. Ed.) c. 235, § 27; *Odd Fellows Hall Association* v. *McAllister*, 153 Mass. 292, 297. But whether or not Burdo was, in fact, acting in the same capacity in respect to both actions, the exceptions now before us present no question as to the set-off of executions.

*Exceptions overruled.*