ANDREW J. LANE *vs.* COSMO J. CATERINO & another. December 1, 1978. A careful review of all the evidence, documentary as well as oral, leaves a majority of the panel unpersuaded that any of the findings of fact made in the Superior Court is "clearly erroneous" within the

meaning of Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See *Marlow* v. *New Bedford*, 369 Mass. 501, 508 (1976).

*Judgment affirmed.*

BROWN, J. (dissenting). I am convinced that this case was wrongly decided below. In these circumstances the services received by the defendants should not have been a gift. It seems clear to me that the view of this case taken by the parties as well as the trial judge placed it in a posture whereby the correct legal principles were not applied. In order to avoid a manifest injustice and unjust enrichment the case should be remanded to the Superior Court Department so that it can be retried on the proper principles of agency law (see and compare Restatement [Second] of Agency §§ 292, 293 [1958]) and under the teaching recently set out by the Supreme Judicial Court in *Harness Tracks Security, Inc.* v. *Bay State Raceway, Inc.*, 374 Mass. 362 (1978). Moreover, leave should be given to amend the complaint to reflect the proper parties plaintiff. See, e.g., *Foster* v. *Graham*, 166 Mass. 202, 204 (1896); *Cotter* v. *McGuire*, 269 Mass. 468, 471 (1929). See also Restatement (Second) of Agency § 372, Comment b.

*Alan Greenwald* for the plaintiff.
*Philip L. Cohen* for the defendants.

