DAVID KLINE & another[1] *vs.* JUNE E. GUTZLER, individually and as trustee. June 4, 1984. *Practice, Civil,* Relief from judgment. *Trust,* Distinction between individual and trust capacities of trustee. *Contract,* Sale of real estate.

When the defendant seller (Gutzler) refused to deliver a deed to certain property located in Provincetown to the plaintiff buyer (Kline) as required by the purchase and sale agreement between them, Kline brought an action in the Superior Court seeking relief. He was joined in the action by the plaintiff Saada, described in the complaint as the "conditional assignee of the rights of" Kline. Gutzler failed to respond to interrogatories, and a final judgment entered in accordance with Mass.R.Civ.P. 33(a), as amended by 368 Mass. 906 (1976). She thereafter requested relief under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), and those motions were denied. We affirm.

1. There is no merit to Gutzler's contention that, because she is named in the caption of the complaint as a defendant "Individually and as Trustee of Gutzler Property Trust" and the interrogatories were addressed to her in her individual capacity, it was error to enter judgment against her in both her capacities. Even assuming there are judgments against her as an individual and as a trustee, there is no error. See *Alfano* v. *Donnelly,* 285 Mass. 554, 555 (1934); *Burdo* v. *Tarky,* 315 Mass. 296, 298 (1943). Cf. Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974). It follows from these authorities, as well as *Lewis* v. *Emerson,* 391 Mass. 517, 519-520 (1984), that equally without merit is Gutzler's claim that the Superior Court has yet to enter a valid judgment in this action.

2. We see no error in the denial of Gutzler's various motions for relief from judgment, all sounding under rule 60(b), irrespective of their labels. Assuming that any neglect and delay in defending against the action and seeking relief from the judgments is, as alleged in her affidavit, attributable to her prior counsel, she has failed to show that the claim she seeks to revive has merit. See *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979). Gutzler's claims, as seen from her affidavit and proffered answer to the complaint and answers to the interrogatories, are that she had told Saada on prior occasions that she would never sell the property in question to him, that she also so advised her prior counsel and the real estate broker, that Kline represented to her that he was purchasing the property for himself, that she relied on Kline's statement, that after she signed the purchase and sale agreement with Kline, she discovered that Kline had assigned his rights under the agreement to Saada, and that because of Kline's and Saada's deception she would not go through with the sale.

There is nothing in the record before us which suggests that Kline was acting as Saada's agent at the time Kline signed the purchase and sale agreement, or that Kline knew that Gutzler would not sell the property to Saada.

---

[1] Abe Saada.

See generally *Kurinsky* v. *Lynch,* 201 Mass. 28 (1909); *Kaufmann* v. *Sydeman,* 251 Mass. 210 (1925); *Blanchard* v. *Kronick,* 277 Mass. 31 (1931); *White Tower Management Corp.* v. *Taglino,* 302 Mass. 453 (1939). In the absence of such a showing, we will not say that the trial judge abused his discretion in denying the motions. Compare *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. at 433; *Mullen Lumber Co.* v. *F. P. Associates,* 11 Mass. App. Ct. 1018, 1019-1020 (1981).

> *Orders denying relief from judgments affirmed.*

*Edward E. Veara* (*Paul V. Benatti* with him) for the defendant.
*Morris J. Gordon* for the plaintiffs.