Plaintiff Fitzroy Andrew appeals from an order denying his motion for relief from a judgment dismissing his case without prejudice. See Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974). An appeal from such an order does not bring with it the underlying judgment. Harris v. Sannella, 400 Mass. 392, 395 (1987) (motion for relief from judgment "may not be used as a substitute for a timely appeal"), quoting from Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Likewise, the order requiring Andrew to post a $25,000 security bond pursuant to St. 1956, c. 665, § 11, is not squarely before us. Instead, we consider such matters only to the limited extent they inform the Superior Court judge's attempt, when considering whether to grant relief from judgment, to "balance the competing claims of fairness to the litigants and case-flow efficiency." Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). We review an order denying a rule 60(b)(1) motion for an abuse of discretion. See Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998) ; Christian Book Distrib., Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001).
In assessing fairness, we typically look to the underlying merits of the claim. Andrew did not include with his rule 60(b)(1) motion "a supporting memorandum ... and has not fulfilled his burden of showing, by affidavit or otherwise, that the claim he seeks to revive has any merit." We may affirm the order on this ground alone. Kline v. Gutzler, 18 Mass. App. Ct. 915, 915-916 (1984).
Determination of whether relief from judgment should be granted "is fact intensive and case specific." McIsaac v. Cedergren, 54 Mass. App. Ct. 607, 609 (2002). Accordingly, because the "trial judge is in the best position to" conduct this inquiry, the "judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Scannell, 401 Mass. at 158. The core of Andrew's argument is that his counsel made a mistake in calendaring the November 1, 2016, hearing. Here, the judge did not credit counsel's explanation for failing to attend the November 1, 2016, hearing or post bond, concluding instead that counsel "deliberately avoided the hearing, rather than face the inevitable dismissal of the action because his client had not raised the necessary sum of $25,000, despite several admonitions and extensions of time." Although Andrew takes issue with the judge's findings, those findings were not "speculative" but instead were well-supported, based on the judge's explicit credibility determinations (and reasonable inferences drawn therefrom) and the cited factual materials before her on the motion. Where adequately supported, as it is in this case, we may not second-guess the judge's assessment. See Bird v. Ross, 393 Mass. 789, 791 (1985) ; Care and Protection of Georgette, 54 Mass. App. Ct. 778, 787 (2002).
On the record before us we cannot say that the judge abused her considerable discretion, or, that she weighed "the factors relevant to the decision" in such a way as to commit "a clear error of judgment" falling "outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We therefore need not consider Andrew's remaining arguments. We deny Codman Square's request for an award of its appellate attorney's fees.
Order dated December 29, 2016, denying motion for relief from judgment affirmed.